UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00153-MOC

| | | |
|---|---|---|
| **BOBBY BOYER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **CAROLYN W. COLVIN, Acting Commissioner of Social Security,** | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on plaintiff's pro se Motion for Reconsideration of Order Denying Plaintiff[']s Relief From Judgment. On September 3, 3013, this court entered its Order (#14) and Judgment (#15) finding that the final decision of the Commissioner denying plaintiff's claim for disability and Disability Insurance Benefits was supported by substantial evidence. In his motion for reconsideration, plaintiff points to evidence he contends supports his claim for benefits, specifically, Exhibits 26F and 27F, which he contends shows that he suffers from an enlarged spleen, cirrhosis of the liver, and gall stones, which he says no one has acknowledged. Motion (#16) at 6. Plaintiff is mistaken.

The ALJ specifically referenced and acknowledged the findings contained in those exhibits in his decision:

> Later medical records show that the claimant returned to Piedmont in October 2012 for a complaint of back pain, leg swelling and painful urination, and that an abdominal CT scan revealed "some" liver cirrhosis. Finally, the medical records show that on October 23, 2012, the claimant was treated at the Piedmont emergency room for abdominal pain of one day[']s duration. (Exhibits 23F-28F).

1

AR at 12. The ALJ further considered plaintiff's testimony that he suffered from cirrhosis, an enlarged spleen, and a number of additional conditions. Id. at 12-13. In a favorable finding, the ALJ determined that plaintiff's Hepatitis B, cirrhosis of the liver, hypertension, lumbago, recurrent urinary tract and kidney infections, bi-polar disorder and panic disorders were <u>all</u> severe medically determinable impairments. Id. at 13. While acknowledging all of the medical records, including Exhibits 26F and 27F, the ALJ did not find plaintiff's purported enlarged spleen to be a medically determinable chronic or intermittent condition and that it was not, therefore, a "severe" impairment under the Social Security Act. Id.

The court has again reviewed Exhibits 23F through 28F in their entirety and it appears from those records that when he presented to the ER on October 23, 2012, the attending physician strongly recommended that he undergo a CT scan, but that plaintiff refused citing a recent CT scan and not wanting to undergo more radiation. Id. at 695. That previous CT scan, as described by provider Dr. Ratterree on October 3, 2013, was an "unremarkable CT showing some cirrhosis and cholelithiasis [production of gall stones]" and diagnosed low back pain and abdominal pain. Id. at 670. Simply being found to have "some" production of gall stones does not necessarily mean that such condition is a severe impairment. Brewton v. Astrue, No. 1:09cv188, 2010 WL 3259800, at *6 (W.D.N.C. July 26, 2010) (quoting Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988)).

Plaintiff is advised that this court does not conduct a *de novo* review of the evidence; rather, it must determine whether the Commissioner's final decision is supported by "substantial evidence." Had this court been sitting in the position of the ALJ, it may well have found in plaintiff's favor as he clearly suffers from a number of severe impairments. However, that is not

the role allowed by Congress and the court's determination is limited to a review for "substantial evidence," which is a somewhat lesser burden on the Commissioner than a "preponderance of the evidence" standard this court applies when it is the finder of facts in a civil case. Clearly, the ALJ's decision is supported by substantial evidence and he clearly gave consideration to all of plaintiff's conditions as well as the medical records.

While the court will deny the relief sought in the Motion for Reconsideration, the court will advise plaintiff that if he disagrees with this decision and the underlying Order and Judgment, his next step would be to file an appeal to the Fourth Circuit Court of Appeals.
.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion for Reconsideration of Order Denying Plaintiff[']s Relief From Judgment (#16) is **GRANTED** and upon reconsideration, such Order is **REAFFIRMED** for the reasons discussed herein and for the reasons provided in the earlier Order.

**Advice of Appellate Rights**

In accordance with Wilder v. Chairman of the Central Classification Bd., 926 F.2d 367, 371 (4th Cir.)("while not mandated, the preferable practice is to include a statement to all final orders involving *pro se* litigants setting forth the litigants' appellate rights"), cert. denied, 502 U.S. 832 (1991), plaintiff is hereby advised of the right to appeal this decision to the Court of Appeals of the Fourth Circuit in the manner described in Rule 3, Federal Rules of Appellate Procedure, by filing a Notice of Appeal with the Clerk of this Court within the time prescribed in

Rule 4, Federal Rules of Appellate Procedure, which is **60 days** from entry of this Order. Fed.R.App.P. 4(B). Failure to file a Notice of Appeal within the time allowed requires the filing of a motion for extension of time and a notice of appeal within the 30-day period after such time for appeal. Fed. R. App. P. 4(a)(5). See <u>United States ex rel. Leonard v. O'Leary</u>, 788 F.2d 1238, 1240 (7th Cir. 1986).

Signed: September 16, 2013

Max O. Cogburn Jr.
United States District Judge