UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00153-MOC

| | |
|---|---|
| BOBBY BOYER, | ) |
| Plaintiff, | ) |
| Vs. | ) ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

**THIS MATTER** is before the court on plaintiff's "Motion for Relief from Summary Judgment Under Rule 60(b)(2)" (#20), which was filed only three days after this court's Order (#18) was entered denying plaintiff's Motion for Reconsideration of Order Denying Plaintiff[']s Relief From Judgment (#16). Such motion is also labeled "Addendum," which the court considers to be an addendum to the previous Rule 60(b) motion.

The court has closely reviewed the Motion and Addendum as well as the attachments thereto. Read in a light most favorable to plaintiff, it appears that he first wishes the court to consider medical records he gathered from Carolina HealthCare System based on ER visits he had in June and September of 2013, evidence which was developed well after the Commissioner entered her final decision and this appeal was pending.

Taken in a light most favorable to plaintiff, he appears to contend that remand is appropriate based on evidence which he contends is both new and material. The sixth sentence of 42, United States Code, Section 405(g) provides:

1

> The court . . . may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.

Id. In Wilkins v. Secretary, Dep't of Health & Human Servs., 953 F.2d 93 (4th Cir. 1991),[1] the Court of Appeals for the Fourth Circuit held that evidence is new if it "is not duplicative or cumulative" and is material "if there is a reasonable possibility that the new evidence would have changed the outcome." Id., at 96. See also Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985).

While it appears that such evidence may well be new, it does not appear that such evidence is "material" as there is not a reasonable possibility that had such evidence been available to the ALJ there would have been a different outcome. For example, at page four of the first set of medical records dating from the June 2013 ER visit, his physician noted in his "Discharge Instructions" as follows: "3. Work: no restrictions." (#20 at 4). Further, the September 2013 ER admission provided a differential diagnosis of "Diarrhea, gastroenteritis, colitis, diverticulitis." (#20 at 22). As to the September visit, the physician noted improvement while on prescription medication, but that symptoms recurred once plaintiff stopped medication. She re-prescribed the same mediation, made arrangements for a free two week filing of that

---

[1] While the appellate court in Wilkins was addressing whether the Appeals Council properly addressed evidence which the claimant represented as new and material, the undersigned finds the Wilkins definitions instructive and appropriate in the circumstances presented by this case.

prescription by the hospital, attempted to expedite paperwork to get financial clearance, and recommended that plaintiff visit the free clinic. Id. at 22-23.

In Melkonyan v. Sullivan, 111 S. Ct. 2157, 2164 (1991), the Supreme Court discussed the characteristics of a sentence six remand for new and material evidence, stating that in amending the sixth sentence of Section 405(g), "Congress made it unmistakably clear" that it intended to limit remands for "new evidence." Id. The Court further held that Congress added the "good cause" requirement to try to speed up the judicial process, "so that these cases would not just go on and on." Id. Plaintiff bears the initial burden of production of evidence and the ultimate burden of persuasion. Preston v. Heckler, 769 F.2d 988, 990 (4th Cir. 1985); Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1982). Evidence is not new within the meaning of this section if it is duplicative or cumulative. Wilkins, 953 F.2d at 96. "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." Id.

While such evidence is new, review of the evidence submitted does not reveal a reasonable probability that it would have changed the Commissioner's decision. If anything, such findings reinforce the ALJ's initial holding that plaintiff is not disabled. The court will deny this motion.

Next, review of the "Addendum" reveals that plaintiff has filed state court forms, which are not acceptable in this court. (#20 at 26-31). Such filings do, however, indicate that plaintiff wishes to file an appeal and that he does not have the funds to do so. See id. As it did in the previous Order, the court will advise plaintiff again that if he disagrees with this decision and the underlying Order and Judgment, his next step would be to file an appeal to the Fourth Circuit

Court of Appeals. Such can be accomplished by filing a Notice of Appeal with the Clerk of this Court. .

**ORDER**

**IT IS, THEREFORE, ORDERED** that Motion for Relief from Summary Judgment Under Rule 60(b)(2)" (#20) is **DENIED.**

<u>**Advice of Appellate Rights**</u>

In accordance with <u>Wilder v. Chairman of the Central Classification Bd.</u>, 926 F.2d 367, 371 (4th Cir.)("while not mandated, the preferable practice is to include a statement to all final orders involving *pro se* litigants setting forth the litigants' appellate rights"), <u>cert.</u> <u>denied</u>, 502 U.S. 832 (1991), plaintiff is hereby advised of the right to appeal this decision to the Court of Appeals of the Fourth Circuit in the manner described in Rule 3, Federal Rules of Appellate Procedure, by filing a Notice of Appeal with the Clerk of this Court within the time prescribed in Rule 4, Federal Rules of Appellate Procedure, which is **60 days** from entry of this Order. Fed.R.App.P. 4(B). Failure to file a Notice of Appeal within the time allowed requires the filing of a motion for extension of time and a notice of appeal within the 30-day period after such time for appeal. Fed. R. App. P. 4(a)(5). <u>See</u> <u>United States ex rel. Leonard v. O'Leary</u>, 788 F.2d 1238, 1240 (7th Cir. 1986).

Signed: September 24, 2013

Max O. Cogburn Jr.
United States District Judge